**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>Steven Pelletier</u>


        v.                                      05-cv-417-SM


<u>Bruce Cattell, Warden,</u>
<u>New Hampshire State Prison</u>


## **O R D E R**


     Steven Pelletier has filed a petition for a writ of habeas

corpus (document no. 1).  After this matter initially came before

me for preliminary review, I recommended to the Chief Judge that

the petition be dismissed as untimely (document no. 6).

Pelletier filed an objection to my Report and Recommendation,

arguing that this Court had miscalculated the limitations period

in his case (document no. 7).[1]  I find that the objection has

merit.  For the reasons stated in petitioner's objection, I find

that Pelletier's petition is timely, and may proceed to

preliminary review at this time.  As discussed herein, I find

that the petitioner has not yet demonstrated exhaustion of all of

---

     [1]The pleading filed by Pelletier was entitled "Objection to
Report & Recommendation and Motion to Reconsider."  I will
construe the pleading as a properly filed objection to my January
30, 2006 Report and Recommendation (document no. 6).

the claims raised in his petition, and I order him to amend his petition.

Standard of Review

Under this Court's local rules, when an incarcerated petitioner commences an action *pro se* and *in forma pauperis*, the magistrate judge is directed to conduct a preliminary review. LR 4.3(d)(2).  In conducting the preliminary review, the Court construes *pro se* pleadings liberally.  See Ayala Serrano v. Lebron Gonzales, 909 F.2d 8, 15 (1st Cir. 1990) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) to construe *pro se* pleadings liberally in favor of the *pro se* party).  "The policy behind affording *pro se* plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997), cert. denied, Ahmed v. Greenwood, 522 U.S. 1148 (1998).

At this preliminary stage of review, all factual assertions made by the plaintiff and inferences reasonably drawn therefrom must be accepted as true.  See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (stating the "failure to state a claim" standard of review and explaining that all "well-pleaded factual

averments," not bald assertions, must be accepted as true).  This
review ensures that *pro se* pleadings are given fair and
meaningful consideration.  See <u>Eveland v. Dir. of C.I.A.</u>, 843
F.2d 46, 49 (1st Cir. 1988).

<u>Background</u>

Petitioner Steven Pelletier was convicted of five counts of
felony sexual assault following a jury trial in Superior Court.
After his trial, Pelletier took a direct appeal of his conviction
to the New Hampshire Supreme Court ("NHSC") raising three claims:

1.   Pelletier's marital privilege had been violated by the
     admission of his wife's testimony regarding Pelletier's
     sexual practices;

2.   The expert testimony presented at trial was improperly
     admitted in evidence in that Pelletier's counsel was
     surprised by the scope of the testimony;

3.   The trial court admitted improper hearsay testimony
     from a third party regarding the prosecutrix's
     allegations against Pelletier.

The NHSC affirmed Pelletier's conviction.  See <u>State v.</u>
<u>Pelletier</u>, 149 N.H. 243 (2003).

Pelletier subsequently filed a motion for a new trial,
raising a number of issues:

1.   The prosecutor engaged in misconduct by vouching for
     the prosecutrix's credibility and the truth of her
     testimony in his closing argument;

2.    The prosecutor engaged in misconduct by attacking the ethics of defense counsel in his closing argument;

3.    The prosecutor engaged in misconduct by telling the jury his personal opinion of the evidence in his closing argument;

4.    Trial counsel was ineffective in that he failed to obtain a proper severance of the charges;

5.    Trial counsel was ineffective in that he failed to acquire a mistrial after twenty-seven of the thirty-two indictments were dismissed at the close of the state's case;

6.    The trial court abused its discretion in failing to grant a mistrial at the close of the state's case;

7.    The trial court failed to conduct a proper colloquy with Pelletier before finding that Pelletier had waived his constitutional rights to have evidence of uncharged crimes excluded from trial;

8.    Appellate counsel was ineffective because he failed to raise or brief proper appellate issues that had been preserved at trial.

The motion for a new trial was denied on July 18, 2005.

Pelletier filed a notice of appeal in the NHSC, and that Court declined the appeal on October 28, 2005.

On November 15, 2005, Pelletier filed a motion in the trial court seeking to correct his sentence on the grounds that New Hampshire has no statutory or state constitutional authority to impose consecutive sentences.  Pelletier concedes that this claim has not yet been exhausted in the state courts.

On November 18, 2005, Pelletier filed the instant petition, which, liberally construed, raises the following claims:[2]

1.    The conviction was obtained in violation of Pelletier's Fourteenth Amendment Due Process rights and Sixth Amendment right to a fair trial because the prosecutor engaged in misconduct when, in his summation, he:

      a.    Vouched for the credibility of the prosecutrix;

      b.    Attacked defense counsel's ethics; and

      c.    Expressed his personal opinion of the evidence;

2.    The conviction violates Pelletier's Fourteenth Amendment Due Process rights and Sixth Amendment right to the effective assistance of counsel because his trial counsel:

      a.    Failed to have the charges against him severed for separate trials; and

      b.    Failed to obtain at the close of the state's case;

3.    The conviction violates Pelletier's Fourteenth Amendment Due Process rights and Sixth Amendment right to a fair trial because the trial judge failed to grant a mistrial at the close of the state's case;

4.    The conviction violates Pelletier's Fourteenth Amendment Due Process rights and Sixth Amendment right to a fair trial because the trial judge failed to conduct a proper colloquy before depriving Pelletier of his right not to be tried by evidence of uncharged bad acts;

---

[2]The claims as identified herein will be considered to be the claims raised in Pelletier's petition for all purposes.  If Pelletier disagrees with any of the claims as identified, he must do so by proper motion to amend his petition.

5.      The conviction violates Pelletier's Fourteenth
        Amendment Due Process rights and Sixth Amendment right
        to a fair trial because the trial judge violated
        Pelletier's marital privilege by allowing Pelletier's
        wife to testify concerning their sexual relationship;

6.      The conviction violates Pelletier's Fourteenth
        Amendment Due Process rights and Sixth Amendment rights
        to a fair trial and the effective assistance of counsel
        because the trial judge improperly allowed an expert
        witness:

        a.      to testify outside of her area of expertise; and

        b.      to testify to matters defense counsel had not
                previously been made aware of.

7.      The conviction violates Pelletier's Fourteenth
        Amendment Due Process rights and Sixth Amendment right
        to a fair trial because the trial judge allowed third-
        party hearsay testimony regarding the prosecutrix's
        allegations into evidence;

8.      The sentence violates Pelletier's Fourteenth Amendment
        Due Process rights and Eighth Amendment right against
        cruel and unusual punishment because the trial judge
        sentenced Pelletier to consecutive sentences when he
        possessed neither statutory nor constitutional
        authority to do so.

<u>Discussion</u>

Under 28 U.S.C. § 2254, the federal courts are authorized to
"entertain an application for a writ of habeas corpus in behalf
of a person in custody pursuant to a judgment of a state court
only on the ground that he is in custody in violation of the
Constitution or laws or treaties of the United States."  To be

eligible for habeas relief, Pelletier must show that he is both
in custody and has exhausted all state court remedies or that he
is excused from exhausting those remedies because of an absence
of available or effective state corrective process.  See 28
U.S.C. § 2254(a) & (b); see also Braden v. 30th Jud. Cir. Ct. of
Ky., 410 U.S. 484, 489–92 (1973); Benson v. Super. Ct. Dep't of
Trial Ct. of Mass., 663 F.2d 355, 358–59 (1st Cir. 1981).
Pelletier satisfies the first eligibility requirement as he is
currently serving his sentence and is thus in custody.  However,
at this time, the petition does not demonstrate that Pelletier
has fully exhausted his state remedies.  Nor has Pelletier
alleged any facts to suggest that effective state remedies are
unavailable to him.

    A petitioner's remedies in New Hampshire are exhausted when
the State's highest court has had an opportunity to rule on the
petitioner's federal constitutional claims.  See Lanigan v.
Maloney, 853 F.2d 40, 42 (1st Cir. 1988), cert. denied, Maloney
v. Lanigan, 488 U.S. 1007 (1989) ("habeas corpus petitioner must
have presented the substance of his federal constitutional claim
to the state appellate courts so that the state had the first
chance to correct the claimed constitutional error"); see also

Picard v. Connor, 404 U.S. 270, 275 (1971) (requiring petitioner to have fairly presented the federal nature of his claims to the state courts to give them the first opportunity to remedy the claimed constitutional error).  "[T]he exhaustion principle holds, in general, that a federal court will not entertain an application for habeas relief unless the petitioner first has fully exhausted his state remedies in respect to each and every claim contained within the application."  Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir. 1997) (emphasis added).  Because Pelletier's petition contains claims that are currently unexhausted, as discussed herein, were Pelletier to press his petition without first exhausting all of the claims contained therein, I would have to recommend dismissal of the entire petition.  See Novaczyk v. Warden, N.H. State Prison, 299 F.3d 69, 75 (1st Cir. 2002) (citing Rose v. Lundy, 455 U.S. 509, 513–21 (1982)).

    Pelletier has not yet exhausted a number of his claims in the state courts.  Pelletier himself admits that his sentencing claim (claim 8 as numbered above) was not exhausted prior to filing his petition in this Court.  Nor has Pelletier demonstrated that he has presented claims 1a, 1c, 2a, 6b, 7 and

8, including the specific violation of federal rights encompassed in the claim, to the state's highest court.[3]  Because such a showing is necessary to demonstrate exhaustion, I find that Pelletier has not yet demonstrated exhaustion of state court remedies for all of the claims raised in his petition.

Rather than dismiss the petition entirely for failing to demonstrate exhaustion of each claim, I will direct Pelletier to amend his petition to include, for each claim presented in his petition, documentation, including motions, petitions, notices of appeal, briefs, or other pleadings showing that the issues presented here, including the precise federal nature of the issues, were in fact presented to the state courts for consideration.  See Smith v. Digmon, 434 U.S. 332, 333 (1978) (listing documents which would enable a federal court to

---

[3]     Based on the pleadings that Pelletier attached to his petition, it appears that he has presented some of his claims, including the federal nature of those claims, to the NHSC, specifically: his claim that the prosecutor attacked the ethics of defense counsel in his summation (claim 1b), that his trial counsel was ineffective for failing to obtain a mistrial at the close of the state's case (claim 2b), that the trial judge failed to grant a mistrial (claim 3), that the trial judge failed to conduct a constitutionally adequate colloquy (claim 4), that the trial court violated Pelletier's marital privilege (claim 5), and that the trial judge allowed an expert witness to testify outside her area of expertise (claim 6a).

determine whether the grounds supporting the habeas petition had been presented for review in the state courts).  Because it appears Pelletier will have to return to the state courts to fully present these claims in those courts before he can make the required amendment to his current petition, I will authorize a stay in these proceedings to allow Pelletier to exhaust his claims and amend his petition.  See Rhines v. Weber, 125 S.Ct. 1528, 1535 (2005) (a district court should stay a mixed petition containing both exhausted and unexhausted claims if the petitioner "had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."); see also Duncan v. Walker, 533 U.S. 167, 182–83 (2001) (Stevens, J., concurring) ("[T]here is no reason why a district court should not retain jurisdiction over a meritorious claim and stay further proceedings pending the complete exhaustion of state remedies.").  Staying unexhausted claims is "the preferable course in many cases involving 'mixed' petitions – and it may be the only appropriate course in cases in which an outright dismissal threatens to imperil the timeliness of a collateral attack."  Neverson v. Bissonnette, 261 F.3d 120,

126 n.3 (1st Cir. 2001); <u>see also</u> <u>Delaney v. Matesanz</u>, 264 F.3d 7, 14 n.5 (1st Cir. 2001) (recommending staying exhausted claims where "there is a realistic danger that a second petition, filed after exhaustion has occurred, will be untimely").

Liberally construing the petition as I must, I find that while petitioner has not at this time made a specific showing of good cause for his failure to exhaust all of his claims, he has demonstrated a substantial effort to exhaust some of his claims in state court and, being a *pro se* litigant, it stands to reason that Pelletier may simply not have realized the necessity of raising each ground presented here in the state courts within the limitations period.  <u>See</u> <u>Rhines</u>, 125 S.Ct. at 1536 (Stevens, J., concurring) (the "good cause" requirement should not be read "to impose the sort of strict and inflexible requirement that would trap the unwary *pro se* prisoner." (internal citation omitted)); <u>see</u> <u>also</u> <u>id.</u> (Souter, J., concurring) (*pro se* habeas petitioners do not come well trained to address tricky exhaustion determinations).  It may also be the case that Pelletier has raised some or all of his federal claims in state court pleadings that have not yet been brought to the attention of this Court.

11

I further find that there is nothing before the Court to indicate that "the petitioner engaged in intentionally dilatory litigation tactics" either in pursuing his claims in the state courts or in this Court and I do not find Pelletier's claims to clearly lack merit on their face.  Rhines, 125 S.Ct. at 1535. Under these circumstances, the proper course of action is to stay this petition pending the exhaustion of all of the claims and compliance with this Order.

It should be noted that Pelletier has the option of foregoing his unexhausted claims and requesting that the Court proceed promptly with consideration of his exhausted claims. Pelletier should be advised that if he does, however, he will likely waive ever having his other issues considered by this Court due to the prohibition against second or successive habeas petitions.  See 28 U.S.C. § 2244; Pratt v. United States, 129 F.3d 54, 56–58 (1st Cir. 1997), cert. denied, 523 U.S. 1123 (1998).

Conclusion

Pelletier is ordered to amend his petition within thirty days of the date of this Order to notify this Court as to whether (1) he has already exhausted all of his claims and to demonstrate

12

exhaustion here, or (2) he intends to return to the state court to complete exhaustion prior to amending his petition to demonstrate exhaustion here, or (3) that he chooses to forego his unexhausted claims and proceed only on his three exhausted claims.  If Pelletier chooses to exhaust his unexhausted claims prior to filing his amended petition, he must commence state court action to exhaust all of the unexhausted claims within thirty days of the date of this Order.

If Pelletier notifies the Court that he intends to commence a state court action to complete exhaustion of his claims, the petition will be stayed pending exhaustion of Pelletier's unexhausted claims.  Once the petition is stayed to allow Pelletier to exhaust his claims, Pelletier is ordered to contact this Court every 90 days while seeking exhaustion of his claims, beginning 90 days from the date of the Order staying his petition, to notify the Court that the matter is still pending in the state courts and has not been decided, or to report any change in the status of the state court proceedings.  When the NHSC has ruled on his claims, and the claims are thus exhausted, Pelletier must, within 30 days of being notified of the Supreme Court's final ruling, notify this Court of that ruling, submit to

this Court the New Hampshire Supreme Court's ruling, as well as all briefs or other pleadings filed in that court, and file a request that this Court further consider his petition.[4]  Failure to amend his petition to notify the Court of his intentions as to how he wishes to proceed with his unexhausted claims, failure to proceed promptly in the state court if Pelletier chooses to exhaust his unexhausted claims, or failure to comply with the notification requirements of this Order, may result in the dismissal of the petition for failing to demonstrate exhaustion of all of the claims presented.[5]

    **SO ORDERED.**

                          _____
                          James R. Muirhead
                          United States Magistrate Judge

Date: March 28, 2006

cc:  Steven Pelletier, *pro se*

_____

    [4]Pelletier would be well-advised to submit all of the relevant pleadings, notices of appeal, court decisions and other documents relevant to each of his claims demonstrating that the claims and the federal nature of the claims were in fact presented to the state courts as alleged in his amended petition notifying this Court that exhaustion has been completed.

    [5]If this petition were to be dismissed for failing to demonstrate exhaustion, the dismissal would be without prejudice as it would be procedural and not based on the merits of Pelletier's claims.  See Slack v. McDaniel, 529 U.S. 473 (2000).