**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Steven Pelletier

    v.                                    Civil No. 05-cv-417-SM

Bruce W. Cattell, Warden,
New Hampshire State Prison

**O R D E R**

    Steven Pelletier filed a petition for a writ of habeas corpus in this Court on January 26, 2007 (document no. 1).  The petition contained both exhausted and unexhausted claims.  In order to give Pelletier the opportunity to complete exhaustion of his claims before proceeding in this Court, this Court stayed his petition while he completed exhaustion in the state courts (document no. 10).  Upon being granted a stay in this action, Pelletier was directed to provide this Court with status reports every ninety days during the pendency of the stay (document nos. 10 & 11).  Pelletier has complied with that Order.

    Pelletier has amended his complaint to demonstrate that certain of his claims had been exhausted.  Pelletier also elected to forego two of his unexhausted claims.  Finally, Pelletier has

advised the Court that he intends to exhaust one claim, which is pending in the New Hampshire Supreme Court ("NHSC").

On February 13, 2007, Pelletier filed a motion to lift the stay in his case, asserting that the issue before the state courts had been resolved. I granted the motion when filed and the case was reopened. Upon further review of this case, however, it is clear that Pelletier's case before the NHSC has not yet been resolved. Rather, Pelletier's state case has been stayed pending the resolution of a similar issue in a different case, <u>Duquette v. Warden</u>, No. 2006-079, 2007 WL 120602 (N.H. Jan. 19, 2007). The <u>Duquette</u> case has been decided by the NHSC. Petitioner was notified of the <u>Duquette</u> decision, but that decision does not resolve Pelletier's state case. While it appears that no obstacles remain to the state Supreme Court's rendering of a decision in petitioner's case, that Court has not yet done so. Accordingly, while the state courts may have resolved a similar issue in a different case, petitioner's case before that Court has not actually been resolved. Petitioner's claim in this Court, therefore, has not yet been exhausted.

Based on the status of petitioner's state court proceedings, I reverse my February 16, 2007 Order granting petitioner's motion

to lift stay.  The motion is denied, *nunc pro tunc*, and the stay is therefore still in effect.  Petitioner is to notify this Court upon receipt of notice from the state Supreme Court when his own case before the NHSC has been finally resolved.

    **SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date:   April 3, 2007

cc:     Steven Pelletier, pro se