UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Steven Pelletier

    v.                                Civil No. 05-cv-417-SM

Bruce Cattell, Warden,
New Hampshire State Prison


**O R D E R**

Steven Pelletier filed a petition for a writ of habeas corpus (document no. 1) on November 22, 2005. This matter initially came before me for preliminary review on November 28, 2005. At the time he filed his petition, Pelletier had not completed exhaustion of each of the claims contained in his petition. On March 28, 2006, I directed Pelletier to return to the state courts to exhaust his claims and then to amend his petition to demonstrate exhaustion or, alternatively, to elect to forego his unexhausted claims (document no. 8).[1] The petition was stayed while exhaustion was completed (document nos. 8 & 10).

---

[1] I initially recommended that this matter be dismissed as untimely on January 27, 2006 (document no. 6). I reconsidered my recommendation after Pelletier filed an objection indicating that his petition was, in fact, timely filed (document no. 7).

Since the stay, Pelletier has waived two of his initial claims, numbered in my March 28, 2006 order, and below, as 1a and 7. Pelletier has now demonstrated exhaustion of the other claims in his petition. The claims raised, as identified in my March 28, 2006 Order, are as follows:

1. The conviction was obtained in violation of Pelletier's Fourteenth Amendment Due Process rights and Sixth Amendment right to a fair trial because the prosecutor engaged in misconduct when, in his summation, he:

    a. Vouched for the credibility of the prosecutrix (WAIVED);

    b. Attacked defense counsel's ethics; and

    c. Expressed his personal opinion of the evidence;

2. The conviction violates Pelletier's Fourteenth Amendment Due Process rights and Sixth Amendment right to the effective assistance of counsel because his trial counsel:

    a. Failed to have the charges against him severed for separate trials; and

    b. Failed to obtain at the close of the state's case;

3. The conviction violates Pelletier's Fourteenth Amendment Due Process rights and Sixth Amendment right to a fair trial because the trial judge failed to grant a mistrial at the close of the state's case;

4. The conviction violates Pelletier's Fourteenth Amendment Due Process rights and Sixth Amendment right to a fair trial because the trial judge failed to conduct a proper colloquy before depriving Pelletier of

          his right not to be tried by evidence of uncharged bad acts;

5.    The conviction violates Pelletier's Fourteenth Amendment Due Process rights and Sixth Amendment right to a fair trial because the trial judge violated Pelletier's marital privilege by allowing Pelletier's wife to testify concerning their sexual relationship;

6.    The conviction violates Pelletier's Fourteenth Amendment Due Process rights and Sixth Amendment rights to a fair trial and the effective assistance of counsel because the trial judge improperly allowed an expert witness:

    a.    to testify outside of her area of expertise; and

    b.    to testify to matters defense counsel had not previously been made aware of.

7.    The conviction violates Pelletier's Fourteenth Amendment Due Process rights and Sixth Amendment right to a fair trial because the trial judge allowed third-party hearsay testimony regarding the prosecutrix's allegations into evidence (WAIVED);

8.    The sentence violates Pelletier's Fourteenth Amendment Due Process rights and Eighth Amendment right against cruel and unusual punishment because the trial judge sentenced Pelletier to consecutive sentences when he possessed neither statutory nor constitutional authority to do so.

As indicated above, Pelletier has now demonstrated that each of the claims raised, with the exception of 1a and 7, which have been waived, has been exhausted in the state courts. Accordingly, and without comment on the merits of the claims, I direct that the petition be served on the respondent. The

petition shall be served upon the New Hampshire State Prison. The Clerk's office is directed to serve the New Hampshire Office of the Attorney General, as provided in the Agreement on Acceptance of Service copies of this Order and the original habeas petition (document no. 1), previous rulings of the Court in this matter (document nos. 6, 8, 10, 11, 16 ) and Pelletier's previous filings in this matter (document nos. 7, 9, 12, 13, 14, 17).  The respondent is directed to answer or otherwise plead within thirty (30) days of the date of this Order.  The answer shall comply with the requirements of § 2254 Rule 5 (setting forth contents of the answer).

Upon receipt of the response, the Court will determine whether a hearing is warranted.  See § 2254 Rule 8 (providing circumstances under which a hearing is appropriate).

Petitioner is referred to Fed. R. Civ. P. 5, which requires that every pleading, written motion, notice, and similar paper, after the petition, shall be served on all parties.  Such service

is to be made by mailing the material to the parties' attorney(s).

**SO ORDERED.**

_/s/ James R. Muirhead_
James R. Muirhead
United States Magistrate Judge

Date: November 6, 2007

cc: Steven Pelletier, pro se